UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MANETIRONY CLERVRAIN,

Plaintiff,

v. Case No. 22-C-417

SARAH GODLEWSKI, et al.,

Defendants.

---

**SCREENING ORDER**

---

On April 4, 2022, Plaintiff Manetirony Clervrain filed this action, on behalf of himself and 65 others, against Defendants Sarah Godlewski, Peter Barca, David Casey, Dana Erlandsen, Ann DeGarmo, Patty Mayers, John Dicket, Diane Hardt, Robert Schmidt, Julie Raes, Cindy Polzin, Valeah Foy, Susan Dukes, Jamie Adams, Laurie Grams, Scott Shields, Wendy Miller, Lisa Monaco, Elizabeth Prelogar, Vanita Gupta, and Peter Hyun. The Court is authorized to screen the complaint, regardless of a plaintiff's fee status, to "save everyone time and legal expense." *See Hoskins v. Poelstra*, 230 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8. An action is "legally frivolous" when it "lacks an arguable basis in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A court may dismiss a complaint as frivolous when it is "based on an indisputably meritless legal theory," or "clearly baseless," "fantastic or delusional" factual allegations. *Neitzke*, 490 U.S. at 325, 328.

As an initial matter, Clervrain does not have the authority to bring this action on behalf of the 65 other individuals listed in the caption of his complaint. Only Manetirony Clervrain signed the complaint, and there is no indication that the other named plaintiffs intended to be part of this action. Therefore, the Court will only consider the allegations with respect to Clervrain.

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). The Court must construe a plaintiff's *pro se* allegations liberally, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Even with the most liberal reading of his complaint, Clervrain fails to set forth any cognizable basis for his claim. The complaint does not include "a short plain statement of the claim showing that the pleader is entitled to relief," as the rule requires. Fed. R. Civ. P. 8(a)(2). Instead, the complaint consists of nonsensical ramblings and legal jargon, and the facts underlying Clervrain's claims are impossible to discern. Clervrain generally alleges that the defendants are part of an "extensive conspiracy" regarding the banking industry. Dkt. No. 1 at 5. But his allegations are nonsensical and frivolous, and the allegations are unclear as to who did what, when and what happened as a result. Clervrain's complaint fails to state a legal claim against the defendants and fails to comply with Rule 8 of the Federal Rules of Civil Procedure. Because the

Court can discern no arguably cognizable claims from the complaint and because the complaint is frivolous, the complaint must be dismissed. *See Walters v. Edgar*, 163 F.3d 430, 433 (7th Cir. 1998) ("a frivolous suit does not engage the jurisdiction of the federal courts").

**IT IS THEREFORE ORDERED** that the complaint is **DISMISSED** for failure to conform to Rule 8(a) of the Federal Rules of Civil Procedure and for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Clervrain's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2), motion for settlement agreement (Dkt. No. 3), motion for "oppositions or criminal intents and/or malicious against freedom of speech" (Dkt. No. 4), motion for manifest injustice act or electronic filing act oppositions (Dkt. No. 5), and motion for "humanitarian reasons or assure family unity in the public interest" (Dkt. No. 6) are **DENIED as moot**.

Dated at Green Bay, Wisconsin this 5th day of April, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge